24-4503

# United States Court of Appeals
## for the
## Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee*,

— v. —

JOHN ROBERT WILLIAMS, III,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

# APPELLANT'S REPLY BRIEF

Marc G. Hall
LAW OFFICE OF MARC G. HALL, P.C.
6411 Ivy Lane, Suite 304
Greenbelt, Maryland 20720
(240) 205-3041

*Counsel for Appellant*

CP COUNSEL PRESS    (800) 4-APPEAL • (JOB 812049)

# TABLE OF CONTENTS

                                **Page**

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF THE ARGUMENT ...................................................................1

ARGUMENT .........................................................................................................1

 I.  WAIVER DOES NOT APPLY........................................................1

 II.  18 U.S.C. § 922(g)(1) VIOLATES THE APPELLANT'S SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS.................................................................................................4

 III. THE GOVERMENT FAILS TO ADEQUATELY ADDRESS THE MOTION TO SUPPRESS THE SEIZURE OF THE FIREARM ...............................................................................8

 IV. THE GOVERNMENT FAILS TO RECOGNIZE THE SPEEDY TRIAL ISSUES THAT ARE INHERENT IN THE DELAY IN THIS CASE ...............................................................9

CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Class v. United States*,
   138 S. Ct. 798 (2018) ...................................................................................3

*New York State Rifle & Pistol Association, Inc. v. Bruen*,
   597 U.S. 1 (2022) ............................................................................... *passim*

*Range v. Attorney General United States*,
   69 F.4th 96 (3d Cir. 2023) ..............................................................................5

*United States v. Dubois*,
   94 F.4th 1284 (11th Cir. 2024) .......................................................................5

*United States v. Hunt*,
   123 F.4th 697 (4th Cir. 2024) ........................................................................6

*United States v. Jackson*,
   69 F.4th 495 (8th Cir. 2023) ..........................................................................4

*United States v. Olano*,
   507 U.S. 725 (1993) .......................................................................................3

*United States v. Prince*,
   700 F. Supp. 3d 663 (N.D. Ill. 2023) .............................................................5

*United States v. Pruess*,
   703 F.3d 242 (4th Cir. 2012) .........................................................................3

*United States v. Rahimi*,
   602 U.S. 680 (2024) ...................................................................................6, 7

*United States v. Williams*,
   113 F.4th 637 (6th Cir. 2024) ........................................................................6

*Vincent v. Garland*,
   80 F.4th 1197 (10th Cir. 2023) .....................................................................5

**Statutes & Other Authorities:**

18 U.S.C. § 922 ..................................................................................................3, 4

18 U.S.C. § 922(g) .............................................................................................4, 7

18 U.S.C. § 922(g)(1)..................................................................................4, 6

Fed. R. App. P. 28(a)(8)(A) ........................................................................1, 2

# SUMMARY OF THE ARGUMENT

The government failed to justify that any issues raised in their response brief are subject to waiver. As to the Second Amendment issue, the government fails to justify under *Bruen* how a lifetime ban is reasonable where there is no evidence produced at trial that Mr. Williams was ever a threat to anyone when he was arrested. On the search and seizure issue, the government fails to justify the deference given by the trial court to the conclusion by Officer Waters that there had been a hand-to-hand transaction involving a similar vehicle at that location. Finally, the government fails to recognize that Mr. Williams' arrest on September 10, 2022, qualifies as "restraint from federal action," triggering the Speedy Trial Act's thirty-day timeline for indictment.

# ARGUMENT

## I.

## WAIVER DOES NOT APPLY

As to each issue raised in the Appellant's Opening brief, the government makes a specious argument that the issue is essentially not cognizable under Fed. R. App. P. 28(a)(8)(A). All Fed. R. App. P. 28(a)(8)(A) states that in the Brief the argument, which must contain:

> (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

As to each issued raised, the Opening Brief states clearly the issued raised, citations to the applicable legal authorities and references to the parts of the record that are relevant. Therefore, the government's assertion that any of the appellate issues were waived for not complying with Federal Rule of Appellate Procedure 28(a)(8)(A) simply overstates the Rule, attempting to make the Rule into one meant to exclude arguments from reaching this Court on technical grounds.

For example, on the issues of speedy trial, the Opening Brief contains the procedural history related to the issue, the fact that the issue was preserved at the trial level by a pretrial motion and a concise argument as to how Mr. Williams' speedy trial rights were violated as well as citations to both the law and the record in the Joint Appendix. The same is true of the suppression issue, which also contains case law citations and joint appendix citations. In both instances, the issues were preserved for appellate review by timely objections at the trial level (see JA 22 and 28 respectively), written motions on each issue followed by a timely notice of appeal and a brief with the issues outlined, the reasons for them, with citations to the authorities and parts of the record on which the appellant relies. Waiver is inapplicable here.

On the issue of the constitutionality of 18 U.S.C. 922, the government fails to recognize that arguments not raised in the court below may still be raised at the appellate level, albeit the standard of review is more challenging. When properly preserved, the Court generally reviews constitutional claims de novo. See, *e.g.*, *United States v. Pruess*, 703 F.3d 242, 245 (4th Cir. 2012). But when an issue is not raised before the district court, the reviewing courts apply the more stringent plain-error doctrine. See, *e.g.*, *United States v. Olano*, 507 U.S. 725, 733–34 (1993).

Williams did not assert a Second Amendment argument in the district court, but that does not necessarily change the standard of review either. Ordinarily, the failure to assert an argument in the district court operates as a forfeiture of that argument on appeal. However, in *Class v. United States*, 138 S. Ct. 798, 803 (2018), the Supreme Court held that even in a case where the defendant pled guilty, that fact does not waive the right to bring a Second Amendment claim. *Class*, 138 S. Ct. at 805. The appellant asserts that the same principles that motivated the decision in *Class* militate against finding forfeiture here. Where a Second Amendment claim, "challenge[s] the Government's power to criminalize [his] (admitted) conduct" and "call[s] into question the Government's power to 'constitutionally prosecute' him," the argument should not be deemed forfeited on appeal. *Class*, 138 S. Ct. at 805.

## II.

**18 U.S.C. § 922(g)(1) VIOLATES THE APPELLANT'S SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS**.

The question of the constitutionality of 18 U.S.C. 922 is implicit in every case involving this statue because there currently exists a conflict between the circuits on this issue.

The issue first came to the Supreme Court's attention in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The case concerned the constitutionality of the 1911 Sullivan Act, a New York State law requiring applicants for a pistol concealed carry license to show "proper cause," or a special need distinguishable from that of the general public, in their application. In its decision, the Supreme Court ruled that New York's law was unconstitutional and that the ability to bear arms in public was a constitutional right guaranteed by the Second Amendment.

Since that time the various Circuit Courts have tried to apply the principles in *Bruen* to any number of gun laws, including Possession of a Firearm under 18 U.S.C. § 922(g) and have split on this issue.

On June 2, 2023, in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), the United States Court of Appeals for the Eighth Circuit upheld the constitutionality of the federal felon-in-possession ban, codified at 18 U.S.C. § 922(g)(1) even for nonviolent underlying convictions and rejected the need for

case-by-case consideration.

On September 15, 2023, in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023), the United States Court of Appeals for the Tenth Circuit upheld the constitutionality of the federal felon-in-possession ban, even for nonviolent underlying convictions, and rejected the need for case-by-case consideration.

On March 5, 2024, in *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), the United States Court of Appeals for the Eleventh Circuit held that the defendant's Second Amendment challenge was foreclosed by circuit precedent and, therefore, upheld the constitutionality of the felon-in-possession ban.

On June 6, 2023, in *Range v. Attorney General United States*, 69 F.4th 96 (3rd Cir. 2023), the United States Court of Appeals for the Third Circuit held that the felon-in-possession ban was unconstitutional as applied to an individual with an old, nonviolent conviction.

On November 2, 2023, in *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill 2023), the United States District Court for the Northern District of Illinois held that the felon-in-possession prohibition was unconstitutional because the government failed to meet the burden of *Bruen*'s historical analogue test. In support of its holding, the *Prince* opinion quoted a Third Circuit opinion, *Range v. Attorney General*, stating that the punishment of "lifetime disarmament" is not "rooted in our Nation's history and tradition." Further, the court explained that the

government has not demonstrated why the modern ubiquity of gun violence, and the heightened lethality of today's firearm technology compared to the Founding, justify a different result. This nation's gun violence problem is devastating but does not change this result under *Bruen* which this court finds rests on the severity of § 922(g)(1) rather than its categorical prohibition.

The Sixth Circuit applied *Bruen* to the felon-in-possession law for the first time, aside from plain error cases, following the Supreme Court's *Rahimi III* decision. On August 23, 2024, in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), the Sixth Circuit held that the felon-in-possession ban was constitutional as applied to dangerous individuals such as the defendant.

And, of course, this Circuit decided *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024). In *Hunt,* this Court held that 18 §922(g)(1) is facially constitutional under the Second Amendment and that as-applied challenges will not be entertained "unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful."

The appellant posits that a lifetime ban for possession of a firearm by a convicted felon is not "consistent with this nation's historical tradition of firearm regulation" required by *Bruen.* The historical laws cited by the government are not sufficiently analogous to justify the broad, categorical firearm prohibition under

§ 922(g). And these Founding-era regulations did not impose lifetime firearm bans based solely on status.

While the Supreme Court has not ruled on this issue, it has repeatedly directed us to the case of *United States v. Rahimi*, 602 U.S. 680 (2024), *Rahami* was a case involving the question of whether the 2nd Amendment allows the government to prohibit firearm possession by a person with a civil domestic violence restraining order in the absence of a corresponding domestic violence conviction. Chief Justice Roberts, writing for the majority, applied the "historic tradition" standard from *Bruen*, stating that the courts should not consider *Bruen* as rigid as the Fifth Circuit had done in looking for a "historic twin," and instead look at aspects of history that are "relevantly similar" to the modern law under challenge. Roberts stated that "firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms," and through both English and U.S. laws, "[they] confirm what common sense suggests: When an individual poses a clear threat of violence to another, the threatening individual may be disarmed."

Applying this test from *Bruen,* no evidence was produced at trial that Mr. Williams was ever a threat to anyone when he was arrested. Therefore, this lack of evidence of some type of danger posed by Mr. Williams makes a lifetime ban of his possession of a firearm an unreasonable restriction on his right to bear arms.

# III.

**THE GOVERMENT FAILS TO ADEQUATELY ADDRESS THE MOTION TO SUPPRESS THE SEIZURE OF THE FIREARM.**

As to the Motion to Suppress, the government fails to address glaring omissions regarding the reasonableness of the search. First, there is the initial question of the information in the possession of Officer Waters when he first saw the vehicle in question. The government relies on the fact that a different officer, Cpl. Smith, had seen a white Chevy Trailblazer parked next to Tobacco World over the previous several weeks. JA 178. The appellant contends that this was misleading in its significance. Nowhere does the record reveal sufficient observations by Officer Waters that the Chevy Trailblazer was the same one seen by Cpl. Smith. A Chevy Trailblazer is a rather common vehicle. There is no mention of the license plate number, the age or the condition of the vehicle. This rather basic description of a white Chevy Trailblazer provides insufficient detail for Officer Waters to conclude that the Chevy Trailblazer he saw was the same as the one previously seen by Cpl. Smith.

Nor is the discussion of the alleged hand-to-hand exchange providing us with any detail. There is no description that money was observed, nor any description of what was seen being passed between the individuals. Instead, we are left with simply the conclusory statements by

Officer Waters that the transactions involved drugs.

The Court's analysis was insufficient in exploring these issues because it did not answer these two key questions. First, was there enough in the record to indicate that this was in fact the same Chevy Trailblazer? Second, was there enough in the record to reach the conclusion by Officer Waters that there had been a hand-to-hand transaction. By simply giving deference to the Officer's conclusions, the Court abandoned its important role in regulation of police conduct.

### IV.

### THE GOVERNMENT FAILS TO RECOGNIZE THE SPEEDY TRIAL ISSUES THAT ARE INHERENT IN THE DELAY IN THIS CASE.

The Right to a Speedy Trial is a constitutional right guaranteed by both the U.S. Constitution and the Speedy Trial Act. In our federal system, charges such as these may be brought by either the State or Federal Governments. The issue that trial counsel was pursuing was whether Mr. Williams' rights were violated when the case began in State Court and was later indicted in Federal Court.

Trial counsel's argument was that Mr. Williams' detention by state authorities was a ruse for later federal criminal prosecution. This was, in essence, a case where the federal government was on alert that this case existed and knew of Mr. Williams' detention. The ATF record establishes that an active federal investigation was begun within days. JA54, 57.

While Mr. Williams was detained on state charges, a Federal Magistrate Judge signed the cell phone search warrant application at the request of federal investigators. Most significantly, Mr. Williams' state public defender in Prince George's County was informed by the state that the case was being pursued federally. Because of the ruse using the state court as a way stop for the eventual federal prosecution, his arrest on September 10, 2022, qualifies as "restraint from federal action" triggering the Speedy Trial Act's thirty-day timeline for indictment. One hundred-two days passed between Mr. Williams' arrest and federal indictment. The trial court should have dismissed the indictment pursuant to the motion filed by his trial counsel.

## **CONCLUSION**

For the foregoing reasons, the appellant, John Robert Williams III, requests that this Court vacate his conviction and sentence and remand this case to the district court for further proceedings.

                                              Respectfully submitted,

                                              _____/s/_____
                                              **MARC GREGORY HALL**
                                              **Law Office of Marc G. Hall, P.C.**
                                              **6411 Ivy Lane**
                                              **Suite 304**
                                              **Greenbelt, Maryland**
                                              **(240) 205-3041**
                                              **Counsel for John Robert Williams III**

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS TO BE INCLUDED IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT.**

1. This brief has been prepared using:

    Microsoft Word, Fourteen point, Times New Roman

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules or regulations, and the certificate of service, the brief contains:

    2,207 Words
   The brief was prepared in MS Word, Times New Roman, 14 pt.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the work or line printout.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Marc Gregory Hall
　　　　　　　　　　　　　　　　Counsel for John Robert Williams III